## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) Bankruptcy Case No. 25-22342-JAD |
| Michael J. Raczkowski, | ) |
| **Debtor,** | ) **Chapter** 11 |
| | ) |
| Michael J. Raczkowski, | ) **Hearing Date:** 02/24/26 @ 10:00 a.m. |
| **Movant,** | ) |
| v. | ) **Responses Due:** 01/30/26 |
| Truist Bank, | ) |
| **Respondent.** | ) Document No. |

### ORDER CONFIRMING SALE OF PROPERTY
### <u>FREE AND DIVESTED OF LIENS</u>

This _____, 2026, on consideration of the ***Debtor's Motion for Sale of Property Free and Divested of Liens*** to **Buckeye Sports Center, 4610 State Road, Peninsula, OH 44264** for **$104,000.00**, after hearing held via Zoom or in Courtroom D, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 this date.

Regarding said Motion the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of personal property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for sale, viz:

| **DATE OF SERVICE** | **NAME OF LIENOR AND SECURITY** |
|---|---|
| January 13, 2026 | Truist Bank<br>Dawn James, Bankruptcy Specialist<br>P.O. Box 1847 / 100-50-01-51<br>Wilson, NC 27894<br>DefaultBankruptcyManagement@Truist.com<br>*Loan* |
| January 13, 2026 | Ronna G. Jackson, Esquire<br>William S. Moorhead Federal Building<br>1000 Liberty Avenue, Suite 1316<br>Pittsburgh, PA 15222<br>Ronna.G.Jackson@usdoj.gov<br>*United States Trustee* |

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the Movant as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

(3) That said sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c) on **JANUARY 13, 2026**, in the Fayette Legal Journal on **JANUARY 24, 2026** and in the Herald-Standard (Uniontown, PA) on **JANUARY 28, 2026**, as shown by the Proof of Publications duly filed on February 17, 2026 at Docket No. 63.

(4) That at the sale hearing no higher offers were received and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of **$104,000.00** offered by **Buckeye Sports Center** is a full and fair price for the property in question.

(6) That the purchaser is acting in good faith with respect to the within sale in accordance with <u>In re Abbotts Dairies of Pennsylvania, Inc.</u>, 788 F.2d 143 (3d Cir. 1986).

**IT IS ORDERED, ADJUDGED AND DECREED** that the sale of personal property described in the Motion as **2021 Nautique G23, HIN CTC14191I021 and 2021 Boatmate Trailer, VIN 5A7BB2336NT001685** is hereby confirmed to **Buckeye Sports Center, 4610 State Road, Peninsula, OH 44264** for **$104,000.00** free and divested of the liens herein described; and, that the Debtor shall make, execute and deliver to the purchaser above named the necessary title and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale.

**IT IS FURTHER ORDERED** that the liens, claims and interests of all Respondents, including but not limited to Truist Bank, be, and they hereby are divested from the property being sold, if and to the extent they may be determined to be valid liens against the sold property, and transferred to the proceeds of sale, and that the within decreed sale shall be free, clear and divested of said liens, claims and interests;

**FURTHER ORDERED** that after due notice to the claimants, lien creditors, and interest holders, and no objection on their parts having been made or, if made, resolved/overruled, the incidental and related costs of sale and of the within bankruptcy proceeding, shall be paid in advance of any distribution to said lien creditors.

**FURTHER ORDERED** the following expenses/costs shall be paid at time of closing. Failure of the closing agent to timely make disbursement required by this Order will subject the closing agent to monetary sanctions after notice and hearing.

(1) The costs of advertising the sale in the Fayette Legal Journal reimbursed to Calaiaro Valencik in the amount of $135.00.

    (2)    The costs of advertising the sale in the Herald-Standard (Uniontown, PA) reimbursed to Calaiaro Valencik in the amount of $105.36.

    (3)    The filing fee reimbursed to Calaiaro Valencik in the amount of $199.00.

**FURTHER ORDERED** that the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought)and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the purchaser, and the attorney for the purchaser, if any, and file a certificate of service.

**FURTHER ORDERED** that closing shall occur within thirty (30) days of this Order and the Movant shall file a report of sale within seven (7) days following closing.

**FURTHER ORDERED** that this Confirmation Order survives any dismissal or conversion of the within case.

_____
**JUDGE JEFFERY A. DELLER**
United States Bankruptcy Court