**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 25-22342-JAD |
| | ) |
| Michael J. Raczkowski, | ) **Chapter** 11 (Subchapter V) |
| | ) **Related Document No.** 53 |
| **Debtor.** | ) **Document No.  81** |

### ORDER CONFIRMING SUBCHAPTER V PLAN UNDER 11 U.S.C. § 1191(b)

Upon consideration of the *Small Business Debtor's Chapter 11 Subchapter V Plan dated December 1, 2025* [Doc. 53 (the "Plan") filed by the Debtor, Michael J. Raczkowski, together with the *Summary of Ballots for Small Business Debtor's Chapter 11 Subchapter V Plan Dated December 1, 2025* [Dkt. No. 75] (the "Ballot Summary"), and the *Declaration of Michael J. Raczkowski in Support of Confirmation of the Plan* [Doc. 80] (the "Confirmation Declaration") and after notice and a hearing held before this Court on April 21, 2026 (the "Confirmation Hearing"), the Court hereby finds:

A.      Notice of the Confirmation Hearings and the opportunity of any party in interest to object to confirmation were adequate and appropriate to all creditors and parties in interest affected by the Plan and the transactions contemplated therein.

B.      The Ballot Summary validly and correctly sets forth the tabulation of votes as required by title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

C.      The Plan complies with the following requirements for confirmation as set forth in 11 U.S.C. § 1129(a) in that:

1.      Confirmation of the Plan is not likely to be followed by the liquidation or need for further reorganization of the Debtor.

2.      All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for payment of such fees on the effective date of the Plan.

3. The Plan complies with Sections 1129(a) of the Bankruptcy Code, other than paragraphs (8), (10), and (15), in that the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired, and each class of claims or interests has not accepted the Plan.

4. The value of property distributed under the Plan is not less than the Debtor's projected disposable income during the five-year period beginning on the date the first payment is due under the Plan or the length of the Plan term. Furthermore, the Court finds the Debtor will be able to make all payments under the Plan.

Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The foregoing findings of fact and conclusions of law are incorporated herein by reference.

2. The Plan is **APPROVED** and **CONFIRMED** as a non-consensual plan under 11 U.S.C. § 1191(b).

3. All Objections to Confirmation of the Plan not otherwise dealt with above are hereby **OVERRULED**. The provisions of the Plan are in full force and effect as of the date of this Order, except as expressly modified herein.

4. In accordance with the Plan as confirmed, the Debtor is **<u>NOT DISCHARGED</u>** from any debt that arose prior to confirmation until the payments under the Plan are completed, unless different treatment of any such debt was agreed to by the Debtor prior to Plan confirmation.

5. Notwithstanding 11 U.S.C. § 1194(b), the Debtor is designated as the Disbursing Agent under the Plan and shall make all required distributions under the Plan pending further Court Order. The Subchapter V Trustee shall not serve as disbursing agent under the Plan.

6.      The Plan is a five-year Plan with payments monthly to Class 1 and quarterly payments to Class 5.  The Debtor's business will pay Classes 2 and 4.  Class 3 was paid from the sale of 2021 Super Air Nautique Boat.

7.      The Debtor shall file quarterly periodic reports detailing disbursements made pursuant to the plan payments no later than the 20th day after the end of each quarter.

8.      Notwithstanding anything in the Plan to the contrary, while the Debtor is the disbursing agent, the Subchapter V Trustee shall still be required to file the Chapter 11 Subchapter V Trustee's Final Report and Account upon the Debtor's completion of payments.

9.      The Debtor, by and through its authorized representatives and counsel, shall take any and all actions necessary or appropriate to implement and consummate the Plan.

10.     All creditors and parties in interest are specifically enjoined from taking any action contrary to the provisions of the Plan or this Order. All parties are stayed from collecting any pre-petition debts except as authorized by the Plan or the Bankruptcy Code, pending entry of a discharge.

11.     . Notwithstanding anything in the Plan to the contrary, the Subchapter V Trustee's appointment shall remain in place and extend post confirmation. The Subchapter V Trustee's post-confirmation duties shall be limited to monitoring activities in the case to ensure payments under the confirmed Plan commence and continue.

12.     No later than fourteen (14) days after the Plan's effective date, the Reorganized Debtor shall file and serve a Notice of Effective Date.

13.     As soon as practical, after substantial consummation of the Plan, the Debtor shall file a motion for a final decree.

14.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Plan or this Order.

15.     Within three business days, the Debtor shall serve a copy of this Order on all creditors and parties in interest listed on the creditor's matrix and file a corresponding certificate of service.

**By The Court:**

**DATED:** _____ June 15, 2026 _____

_____sjk_____

**Honorable Jeffery A. Deller**
**United States Bankruptcy Court**

FILED
6/15/26 9:57 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

4

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-22342-JAD |
| Michael J. Raczkowski | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Jun 15, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol       Definition**

+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 17, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Michael J. Raczkowski, 926 Ada Street, Belle Vernon, PA 15012-2353 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 17, 2026                    Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 15, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Andrew Kevin Pratt | on behalf of Debtor Michael J. Raczkowski apratt@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;akpratt.ecf@outlook.com;ncalaiaro@c-vlaw.com;aopoku@c-vlaw.com;Pratt.AndrewR141044@notify.bestcase.com;asmith@c-vlaw.com |
| Crystal H. Thornton-Illar | cthornton-illar@leechtishman.com  PA95@ecfcbis.com;dbender@leechtishman.com |
| David Z. Valencik | on behalf of Debtor Michael J. Raczkowski dvalencik@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;apratt@c-vlaw.com;ncalaiaro@c-vlaw.com;aopoku@c-vlaw.com;Valencik.DavidR141044@notify.bestcase.com;asmith@c-vlaw.com |
| Jeffrey Hunt | on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com |
| Matthew Fissel | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION bkgroup@kmllawgroup.com, wbecf@brockandscott.com |

District/off: 0315-2                          User: auto                                          Page 2 of 2

Date Rcvd: Jun 15, 2026                       Form ID: pdf900                                     Total Noticed: 1

Milos Gvozdenovic
       on behalf of Creditor Truist Bank mgvozdenovic@weltman.com  pitecf@weltman.com

Office of the United States Trustee
       ustpregion03.pi.ecf@usdoj.gov

Ronna G Jackson
       on behalf of U.S. Trustee Office of the United States Trustee ronna.g.jackson@usdoj.gov


TOTAL: 8